UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIGRAN GUMUSHYAN, et al., ) <br> ) <br> Defendant. ) <br> ) | NO.  CV 15-3063-DSF (AGR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.  The Court accepts the findings and recommendation of the Magistrate Judge except as stated below.

Plaintiff contends that he served the Social Security Administration ("SSA") through Tigran Gumushyan, Operations Manager at the SSA office at 11500 West Olympic Boulevard in Los Angeles.

Plaintiff argues, however, that it was defendant Gumushyan's responsibility to serve the summons and complaint on the United States Attorney and presumably, although he does not expressly say so, the Attorney General of the United States pursuant to Fed. R. Civ. P. 4(i)(A)-(B).  Plaintiff is incorrect.  "The *plaintiff* is responsible for having the summons and complaint served within the time allowed by

Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1) (emphasis added).  Plaintiff states that he has not sued the SSA and has sued only its employees for *Bivens*[1] claims.  (Objections at 6.)  "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an individual capacity, ***a party must serve the United States and also serve the officer or employee*** . . . ."  Fed. R. Civ. P. 4(i)(C)(3) (emphasis added).  Service on the United States, in turn, requires that the plaintiff serve the United States Attorney's Office for the Central District of California in the manner prescribed by Rule 4(i)(1)(A) and serve the Attorney General of the United States in the manner prescribed by Rule 4(i)(1)(B). *See* Fed. R. Civ. P. 4(i)(C)(3).

Nowhere does Rule 4 impose any obligation on a defendant federal employee to serve the summons and complaint on the United States Attorney's Office or the Attorney General of the United States on Plaintiff's behalf.  Plaintiff cites no authority for his position.

IT IS ORDERED, on the Court's own motion, that Plaintiff's time for completing service of the summons and complaint on the United States Attorney's Office for the Central District and the Attorney General of the United States shall be extended to 30 days after the entry of this order.  If Plaintiff fails to timely complete service of process and file a proof of service within 30 days after entry of this order, his complaint against the federal defendants is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

DATED: 3/10/15

DALE S. FISCHER
United States District Judge

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).