UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>TIGRAN GUMUSHYAN, et al.,<br><br>Defendants. | Case No. 16-cv-07236-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JURISDICTION**<br><br>Re: ECF Nos. 100, 101, 107 |

Ricardo Calderon Lopez filed this civil rights case in the Central District of California.[1] The case was then transferred to this district and assigned to Magistrate Judge Westmore.[2] Mr. Lopez consented to magistrate-judge jurisdiction.[3] The case was then related to *Lopez v. Commissioner of Social Security*, 16-cv-02732-LB, and reassigned to the undersigned.[4] Mr. Lopez now wants to withdraw his consent to magistrate jurisdiction — he filed a form purporting to decline magistrate-

---

[1] Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order Transferring Case – ECF No. 76; *see also* ECF No. 77.

[3] Consent – ECF No. 82.

[4] Related Case Order – ECF No. 84.

ORDER — No. 16-cv-07236-LB

United States District Court
Northern District of California

judge jurisdiction.[5] The defendants filed an administrative motion opposing Mr. Lopez's declination;[6] Mr. Lopez effectively replied in an administrative motion of his own.[7]

A party to a federal civil action generally has a constitutional right to proceed before an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993). This right can be waived, however, so that parties can "consent to trial before a magistrate judge." *Id.* at 479–80. Consent to magistrate-judge jurisdiction can only be withdrawn for good cause or under extraordinary circumstances. *Id.* at 480. Indeed, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id.* "In ruling on a motion to withdraw consent, courts consider factors including timeliness, whether granting the motion would unduly interfere with or delay the proceedings, the burdens and costs to litigants, and whether consent was voluntary and uncoerced." *Quinn v. Centerplate*, No. 14-cv-01254 NC, 2014 WL 2860666, at *3 (N.D. Cal. June 23, 2014) (citing *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993)).

Here, Mr. Lopez argues that he has a constitutional right to demand an Article III judge.[8] In light of his appeal of the related, social-security-benefits case, he states that "[t]he filing of a [n]otice of [a]ppeal is an event of jurisdictional significance — it confers [j]urisdiction on the court of appeals and divest[s] the [d]istrict [c]ourt of its control over those aspects of the case involved in the appeal."[9] Therefore, according to Mr. Lopez, he has a right to decline (or withdraw) consent to magistrate jurisdiction.

Mr. Lopez's argument does not demonstrate good cause or extraordinary circumstances warranting the withdrawal of his consent. Allowing withdrawal now would delay the proceedings and burden the parties by reassigning the case to a third judge. It would also interfere with the proceedings because this case is related to Mr. Lopez's social-security appeal, over which the

---

[5] Declination – ECF No. 100.

[6] Administrative Motion in Opposition – ECF No. 101.

[7] *See* ECF No. 107.

[8] *Id.* at 4.

[9] *Id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

1  undersigned presides. And Mr. Lopez does not make any showing that his consent was
2  involuntary or coerced. His appeal in the related case does not change the outcome.
3      Mr. Lopez's declination to magistrate-judge declination is therefore ineffective; he already
4  consented and, absent good cause or extraordinary circumstances, must stick with that election.
5  This disposes of ECF Nos. 100, 101, and 107.

**IT IS SO ORDERED.**

Dated: March 9, 2017

_____
LAUREL BEELER
United States Magistrate Judge