UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>TIGRAN GUMUSHYAN, et al.,<br><br>Defendants. | Case No. 16-cv-07236-LB<br><br>**ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 121 |

## INTRODUCTION

This case relates to the Social Security Administration's ("SSA") termination of Ricardo Calderon Lopez's disability benefits.[1] Mr. Lopez asserts that the defendants — the United States, the SSA Commissioner, and three SSA employees (Tigran Gumushyan, Darryl Onizuka, and Doe Vazquez) — improperly terminated his Social Security benefits in 2013. He appears to assert tort- and constitutional-based claims for the defendants' improper disability determination and related conduct, and he seeks nearly $7 million in damages and judicial "intervention" to "suppress" an Administrative Law Judge's decision. The defendants move to dismiss the complaint under

---

[1] *See generally* Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER — No. 16-cv-07236-LB

Federal Rule of Civil Procedure 12(b)(1) on the basis of sovereign immunity and subject-matter jurisdiction.[2]

The court can decide the matter without oral argument and vacates the May 18, 2017 hearing. Civil L.R. 7-1(b). The court grants the motion because Mr. Lopez's claims are barred by sovereign immunity and so the court lacks subject-matter jurisdiction.

## STATEMENT

As a result of a 1993 motor-vehicle accident, Mr. Lopez suffers from permanent hemiplegia.[3] In 2003, the SSA found that Mr. Lopez was disabled under the Social Security Act and awarded him benefits.[4] Over ten years later, though, the SSA determined that Mr. Lopez was no longer disabled and no longer entitled to benefits.[5] Mr. Lopez requested reconsideration of the SSA's conclusion and, per statute, asked that his benefits continue during his appeal.[6] The SSA granted Mr. Lopez's request for continuing benefits.[7]

In March 2014, an SSA Disability Hearing Officer "found that the evidence was insufficient to establish disability" and affirmed the Administration's initial decision terminating Mr. Lopez's benefits.[8] Mr. Lopez stopped receiving his statutory continuing benefits.[9]

After the Hearing Officer's decision, in May, Mr. Lopez visited the SSA's West Los Angeles office and spoke with defendant Vasquez.[10] Mr. Lopez alleges that Vasquez informed him of the Hearing Officer's decision (but refused to provide him a copy) and "intimidated [him] to complete

---

[2] Motion to Dismiss – ECF No. 121.
[3] Compl. at 4, 16–17.
[4] *Id.*; Chung Decl. – ECF No. 121-5, ¶ 3(a).
[5] Compl. at 5; Chung Decl. ¶ 3(b).
[6] Compl. at 5; Chung Decl. ¶ 3(c); Litwin Decl. – ECF No. 121-1, ¶¶ 4–5.
[7] Litwin Decl. ¶ 6.
[8] Chung Decl. ¶ 3(d)–(e).
[9] Litwin Decl. ¶ 8.
[10] Compl. at 7.

several forms in order to reinstate [his] benefits."[11] Among those forms that Mr. Lopez was "forced to complete" was a Request for Hearing by an Administrative Law Judge, which he filed on May 8, 2014.[12] He again requested statutory-based continuing benefits, which the SSA granted for the duration of his appeal before the ALJ.[13]

The SSA sent Mr. Lopez a Notice of Hearing, "indicating that a hearing had been scheduled for August 26, 2015."[14] The SSA unsuccessfully tried to contact Mr. Lopez by phone three weeks before the hearing, and it sent him a Notice of Hearing Reminder one week later.[15] Mr. Lopez did not appear, though, and the ALJ dismissed his claim.[16] Mr. Lopez's continuing benefits were terminated.[17] He filed a Request for Review of the ALJ's dismissal, but the Appeals Council denied the request.[18]

In May 2014, around the time that Mr. Lopez requested an ALJ hearing, he also filed a complaint with the SSA's Office of the General Counsel.[19] In that complaint, it appears, Mr. Lopez alleged that the defendants engaged in fraud and discrimination while terminating his benefits.[20] The Office of the General Counsel denied the claim under the Federal Tort Claims Act ("FTCA") in January 2017 (after Mr. Lopez filed this case).[21]

Mr. Lopez initially sued the defendants in the Central District of California.[22] After one plaintiff (Starlight Entertainment Enterprises, Mr. Lopez's company) and one defendant (Sunset

---

[11] *Id.* at 7, 13–14.
[12] *Id.* at 8; Chung Decl. ¶ 3(f).
[13] Litwin Decl. ¶ 9.
[14] Chung Decl. ¶ 3(g).
[15] *Id.* ¶ 3(h)–(i).
[16] *Id.* ¶ 3(j).
[17] Litwin Decl. ¶ 10.
[18] Chung Decl. ¶ 3(k)–(l).
[19] Compl. at 10.
[20] *Id.* at 9–10, Ex. G.
[21] Litwin Decl. ¶ 13.
[22] *See* Compl.

Housing Solutions, Mr. Lopez's former landlord) were dismissed, the case was transferred to this district.[23]

In the complaint, Mr. Lopez sues the United States, including the SSA Commissioner, and three of its employees (Gumushyan, Onizuka, and Vazquez), and he seeks damages for the defendants' allegedly wrongful termination of his disability benefits. For example, he asserts that his "benefits were improperly terminated,"[24] Vazquez intimidated and forced him to complete several forms to challenge the termination,[25] Vazquez and Gumushyan conspired to discriminate against him after he appealed,[26] Vazquez and Gumushyan "d[id] not follow regulation" when they "refus[ed] the continuation of [his] benefits" and thus "deprived [him] of [his] Constitutional Right,"[27] that, although he received a copy of his file, the defendants' normal practice "is to deny common law rights to inspect and copy the information contained in [the] file,"[28] and the defendants "tampered with the information [in his] file, which led to his identity be[ing] stolen."[29] Among the relief that he seeks — including $5.5 million from Gumushyan; $750,000 from Vazquez; and $500,000 from supervisor Onizuka[30] — he asks the court to "intervene" and "suppress the unlawfully initiated Hearing by Administrative Law Judge (ALJ) and to order the federal agency-SSA to pay the correct amount of back-payment of benefits owed."[31]

The defendants move to dismiss the complaint under Rule 12(b)(1) and argue that the government has not waived sovereign immunity for Mr. Lopez's claims and thus the court lacks

---

[23] *See* ECF Nos. 14, 25, 76. While this case was pending, Mr. Lopez filed a separate complaint here, in the Northern District, seeking judicial review of the Commissioner's termination of his benefits (*See* Case No. 3:16-cv-02732-LB.) The undersigned dismissed that case for lack of jurisdiction because there had been no final agency decision. (Case No. 3:16-cv-02732-LB, ECF No. 50.) Mr. Lopez's appeal of that decision to the Ninth Circuit is still pending.

[24] Comp. at 5, 7, 22.

[25] *Id.* at 7–8, 13–14.

[26] *Id.* at 9.

[27] *Id.* at 12.

[28] *Id.* at 15.

[29] *Id.* at 17.

[30] *Id.* at 22–23.

[31] *Id.* at 18.

ORDER — No. 16-cv-07236-LB　　4

1  subject-matter jurisdiction.[32] Mr. Lopez opposes the motion but argues only that his appeal of the court's order denying his withdrawal of consent to magistrate jurisdiction divested this court of jurisdiction to hear the matter.[33]

## GOVERNING LAW

### 1. Rule 12(b)(1) Subject-Matter Jurisdiction

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

---

[32] Motion to Dismiss – ECF No. 124.
[33] Opposition – ECF No. 124.

ORDER — No. 16-cv-07236-LB     5

### 2. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the doctrine of sovereign immunity. The Ninth Circuit has explained: "Before we may exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting in part *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)) (internal quotations omitted; alteration in original).

Absent a waiver, "a court does not have authority to award relief against the United States or a federal agency . . . ." *Isaacs v. United States*, No. 13-cv-01394-WHO, 2013 WL 4067597, at *1 (N.D. Cal. Aug. 1, 2013). "As the party asserting a claim against the United States, [the plaintiff] has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

# ANALYSIS

### 1. Judicial Review Under the Social Security Act

"The Social Security Act contains a limited waiver of sovereign immunity." *Bulletti v. Astrue*, Nos. C 11-5368 MEJ, 12-682 MEJ, 2012 WL 4120536, at *4 (N.D. Cal. Sept. 19, 2012) (citing 42 U.S.C. § 405(g), (h)). Under the Act, 42 U.S.C § 405(g) provides the only jurisdictional basis for review of SSA administrative actions. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) "limits judicial review to a particular type of agency action, a 'final decision' of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). A "final decision" is not defined by the Social Security Act and is instead defined by regulation. *See* 20 C.F.R. § 404.900(a)(1)–(4). Under the regulations, a claimant obtains a final decision only after completing the four steps of the administrative review process: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. *Id.*; *see Kildare v. Saenz,* 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies.") (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)). The cessation of disability benefits following a continuing disability review is an initial determination. 20 C.F.R. § 404.902(a). Before appealing to this court, the plaintiff must exhaust administrative remedies by seeking a reconsideration decision, then an ALJ decision after a hearing, and then a final review by the Appeals Council. 20 C.F.R. § 404.900(a)(1)–(5).

Section 405(h) limits federal-court jurisdiction to claims brought through the above § 405(g) framework. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 20 (2000) ("[T]his Court crossed the relevant bridge long ago when it held that Congress, in both the Social Security Act and the Medicare Act, insisted upon an initial presentation of the matter to the agency."). That section says:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added); *see also Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 779 (9th Cir. 2000).

The Supreme Court has interpreted broadly § 405's third sentence. *See Hooker v. United States Dep't of Health and Human Servs.*, 858 F.2d 525, 529 (1988) (citing *Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975)). In doing so, the Court has held that the phrase "arising under" the Act includes "a claim in which 'both standing and the substantive basis for the presentation' of the

claim is the Social Security Act." *Id.* (quoting *Weinberger*, 422 U.S. at 760–61). Section 405(h) therefore bars, for example, constitutional challenges to the Act's requirements, *see Weinberger*, 422 U.S. at 760–61; FTCA-based tort claims for wrongful disability determinations, *see Hooker*, 858 F.2d at 529–30; and *Bivens*-based due-process claims for the wrongful termination of benefits, *see Schweiker v. Chilicky*, 487 U.S. 412, 414, 429 (1988). In a "typical" Social Security benefits case — "where an individual seeks a monetary benefit from the agency, . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial" — § 405(h) "plainly bars § 1331 review . . . , irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Ill. Council*, 529 U.S. at 10.

### 2. Mr. Lopez's Claims are Barred

Mr. Lopez's claims are, at their core, "typical" claims for Social Security benefits. The complaint, although often difficult to follow, plainly challenges the government-defendants' decision to terminate his benefits and their related policies and practices. For example, he alleges that the government improperly terminated his benefits; that it forced him to fill out forms to appeal its decision; that Gumushyan and Vazquez conspired to discriminate against him, refused to follow SSA regulations, and deprived him of his Constitutional rights; and that the defendants refused to give him his file (although he also admits that he received the file).

All of these allegations, and Mr. Lopez's claims for damages, benefits back pay, and court intervention to "suppress" the ALJ's determination, relate to his claim for disability benefits. So do his *Bivens*-based due-process claims against the individual defendants — he cites *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and apportions millions of dollars in damages among them.[34] *See Schweiker*, 487 U.S. at 429. And his constitutional challenges to the SSA's

---

[34] *See* Compl. at 6, 22–23.

administrative-review process — he appears to take issue with (among other things) the requirement that he submit forms.[35] See *Weinberger*, 422 U.S. at 760–61.

In a related case, the court previously held that "[b]y not attending his hearing [before the ALJ], Mr. Lopez waived his right to a hearing and failed to exhaust his administrative remedies."[36] Thus, because there is no "final decision" under § 405(g), and because Mr. Lopez's claims "arise under" the Social Security Act, his claims fall outside the government's limited waiver of sovereign immunity in this context.

This conclusion is not affected by Mr. Lopez's appeal to the Ninth Circuit seeking review of this court's order denying his withdrawal of consent to magistrate-judge jurisdiction. That order was non-appealable and the Ninth Circuit has since dismissed the appeal as such.[37]

## CONCLUSION

The court dismisses the complaint for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 16, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[35] Compl. at 13–14, 20.

[36] Order – Case No. 3:16-cv-02732-LB, No. 50 at 5.

[37] *See* Ninth Circuit Order – ECF No. 130.