UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>TIGRAN GUMUSHYAN, et al.,<br><br>Defendants. | Case No. 16-cv-07236-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 133 |

Ricardo Calderon Lopez filed this case against the United States, the Commissioner of the Social Security Administration, and three Administration employees.[1] On the defendants' motion, the court dismissed Mr. Lopez's claims for lack of subject-matter jurisdiction under the doctrine of sovereign immunity and 42 U.S.C. § 405(g), (h).[2] Mr. Lopez now requests leave to file a motion for reconsideration under Local Rule 7-9 and, in doing so, argues only that the defendants' subject-matter defense is "erroneous" and the court's order "contrary to law."[3]

A district court can "reconsider" final judgments or appealable interlocutory orders under Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b)

---

[1] *See generally* Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Order – ECF No. 131.

[3] Motion for Leave to File – ECF No. 133 at 1–2.

ORDER — No. 16-cv-07236-LB

(governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). A district court can also "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. Civil L.R. 7-9. In seeking permission, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. *Id.* 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." *Id.* 7-9(c).

Here, Mr. Lopez has not satisfied this standard. He has not shown a material difference in law or fact that was not previously presented to the court, an emergence of new facts or a change in the law since the court's order, or that the court's dismissal was in clear error, manifestly unjust, or unresponsive to dispositive legal arguments. He asserts only that the court's order was "contrary to law," without explanation, reasoning, or legal citation. The court therefore denies Mr. Lopez's request for leave to file a motion for reconsideration under Local Rule 7-9.

**IT IS SO ORDERED.**

Dated: May 30, 2017

LAUREL BEELER
United States Magistrate Judge